Thank you for a couple of speakers. I don't think this court will have any truthful argument appearing for the last minute in the jury's deal about this video. I'd like to attempt to reserve options for a while. This is the sort of video they've written to make arguments for whether Mr. Davis or Mr. Davis' rights were violated. Yes, it's certainly a violation of course. The court, the judges, of course, have the rights to appeal. In the case of the Washington case, it's ultimately up to the state to decide whether or not it's unsubstantiated and whether or not it's just a case of lawyer rather than a case of interception in this judicial court of state. I'm sorry. I'm going to have to hold you to that. I'm going to have to hold you to that. Please proceed. I don't believe there are any questions. It's not clear to us whether or not it's the court's decision. I think it's the court's decision. Yes, please go. No, no, this is not a real question. No, I mean, I agree, Your Honor. I think that there are other ways we can have the court's support if the Judge believes and his interview with Judge Honefter is that he agreed with it in the first. But the Judge did so, too, which is fine, and we're at least confined in terms of the D.M.O.R.E. search as he did in his opinion, which, I mean, I don't know if you've seen this, but it's a commercialization. And it costs me a little bit of credit to try and set aside for the purposes of this, especially looking at it in three years. Yeah, it's just, I mean, it's a false characterization that it was commercialized. So, I'm interested in whether the Judge had any constitutional errors, but as a procedural juror, you're underlining, in a sense, the facts. I'm not interested. I mean, I think it's a little strange. I mean, it's just a question. The Judge didn't say anything. Now, the Judge said, I mean, you're a liar, and you're a creative, and I don't believe you, but I guess in the sense that he just perceives things in a very different way. So, I mean, I'll read you from the videos that they were on, and some of the other things that you can talk about in these videos. Yes, sir. I don't believe it. I mean, of course, we're not going to be here anymore. I mean, sort of, I can use a little bit of a visiting on the jury's terms, but of course, I don't think it's possible to talk about this. But, I mean, there's part of the error where the Judge talks to the patient, and he comes and says, and the court begins, all right, I don't believe you, but it's a problem. I don't like to believe people whose stories are too unrivaled for me to believe. And then it's the same in the next sentence. I'm going to send it to you in this guideline range. In the next few minutes, I'm going to take this guideline range and I'm going to take a single guideline range and I'm going to send it to you in the new guideline range and I'm going to send it to you at the bottom in the new guideline range. And it'll take four minutes. In my view, it is huge lying. In fact, I'm going to take three minutes and I'm going to send it to you  and I'm going to send it to you at the bottom in the new guideline range.   in the four minutes and then we'll send it to you in the next four minutes. And the Judge is concerned and he's going to have to go through three chapters. The Judge has to help a jury judge who's imparting a little bit of power on this sentence, and that's the God who says you can't speak your mind. The answer is no. Well, first, when we use the word the judge, it's just a stupid stuff in a grammar before the judge is there's only reasons to do that. The D&H lie about any cover-up of the judge who has somebody who has been accused of sexual offences recently or in the past years that was preexisting in the sentence of the grammar that was going to come to court today. I think that the interrogation of the defendant is going to be so devastating that I'm not going to talk to the judge about that. I think that the interrogation of the defendant is going to be so devastating that I'm not  to talk to the judge about that. I'm not going to talk to the judge about that. I'm not going to                                     talk to the     not going to talk to the judge about
judges: Kleinfeld, Rawlinson, Hurwitz